## OTIES v. COWLES ELECTRIC SMELTING & ALUMINUM CO.

(*Supreme Court, General Term, Fifth Department.* October 19, 1889.)

1. MASTER AND SERVANT—NEGLIGENCE OF MASTER.
   Plaintiff, while in the employ of defendant, was injured by the fall of a derrick, owing to the breaking of one of the three guys by which it was supported. *Held* that, where the question whether more than three guys were necessary for the support of the derrick was properly submitted to the jury, their verdict for the plaintiff was conclusive that defendant was guilty of negligence in failing to furnish safe appliances.

2. SAME—NEGLIGENCE OF FELLOW-SERVANT.
   Such duty could not be delegated by defendant, and he was not relieved from liability by any negligence of a fellow-servant of plaintiff.

3. SAME—CONTRIBUTORY NEGLIGENCE.
   Plaintiff was not guilty of contributory negligence when it appeared that on operating the derrick the foreman directed the men working under the arm of the derrick to get out of the way, but that plaintiff was working on the other side of the derrick, and, when the mast fell, it did not fall towards the arm, but in the direction of plaintiff.

4. EVIDENCE—EXPERT TESTIMONY.
   Evidence of experts as to the proper method of erecting and supporting the mast was properly admitted.

5. SAME.
   A physician can testify as to the probable permanence of the injuries received.

6. DAMAGES—EXCESSIVE.
   A verdict for $8,000 was not excessive where plaintiff's face was crushed, his lower jaw made immovable, and he was rendered a cripple and invalid for life.

Appeal from circuit court, Niagara county.

Thomas Oties sued the Cowles Electric Smelting & Aluminum Company, and recovered a judgment for $8,000. From the judgment and an order refusing a new trial defendant appeals.

Argued before BARKER, P. J., and MACOMBER and DWIGHT, JJ.

*L. Prentiss* and *A. K. Potter,* for appellant.     *W. C. Greene,* for respondent.

DWIGHT, J.   The plaintiff was in the employ of the defendant as a laborer engaged in the excavation of a race-way or hydraulic canal in connection with the defendant's works at Lockport. He was injured by the fall of a derrick erected by the defendant for use in the same work. The plaintiff's allegation was that the derrick was improperly constructed and insufficiently supported.

The proof was that it was supported by only three guys, and that one of them broke while a weight was being lifted, which necessarily caused the mast to fall. Evidence was given of the character of the guys, and the weight which each was capable of supporting if in perfect condition; and some conflicting evidence was given as to whether the defect in the cable which gave way was patent or latent, as bearing upon the question of the defendant's negligence in not remedying the defect, or substituting another cable for the defective one. We do not regard the question of the character of the defect in the cable as important on this review, for the reason .that the verdict of the jury was amply supported, on this branch of the case, by evidence which tended to show a more radical defect in the construction of the machine than the use of an imperfect cable as one of the guys. That defect consisted in the employment of only three guys to support the mast, without a "stiff leg," or timber support, which the evidence shows may be used, in connection with guys, for the same purpose. The result was inevitable that, if any one of the guys gave way to a strain exerted upon it, the mast must fall; whereas, if four guys had been used, the remaining three might, and, if five had been used, the remaining four must, have continued to support it. The question whether more than three guys were necessary for the safe and proper erection and support of the derrick was clearly presented by the evidence, and, we must assume, since the charge of the court is not contained in the case, was properly sub-mitted to the jury. The verdict must therefore be regarded as conclusive upon the first of the two propositions which it was necessary for the plaintiff to establish, viz., that the defendant was guilty of neglect of duty in respect to furnishing for the use of its employes safe and adequate machinery and appliances for the work in which they were engaged. The duty thus neglected was charged upon the defendant itself, and could be discharged only by actual performance. It could not be so delegated as to relieve the defendant from its obligation, and no negligence, in respect thereto, of a fellow-servant of the plaintiff, could shield the defendant from liability for its neglect. *Bushby* v. *Railroad Co.*, 107 N. Y. 374, 14 N. E. Rep. 407; *Frank* v. *Otis*, 15 N. Y. St. Rep. 681, affirmed, 113 N. Y. 654, 21 N. E. Rep. 415, and the cases cited.

The second question raised by the motion for a nonsuit relates to the defendant's allegation of contributory negligence on the part of the plaintiff. There seems to be no ground whatever upon which to base this objection to the recovery. The plaintiff was at work where he was put at work, and the jury was warranted in finding that he received no warning of the impending danger. The foreman under whom he was at work, and who operated the derrick, testified that every time he lifted a load he told "the men" to get out of the way; but it is quite evident from his narrative that the order or warning was not addressed to, nor did it include, the plaintiff. It seems to have been addressed to the men under the boom or on the side of the mast on which the boom with its load was being raised, and the foreman testified that in this case the mast "did not fall towards the boom, but over sideways into the canal, and the boom fell right down in its place." The plaintiff was struck down by the mast, where he was at work within the excavation, in a direction at right angles, or more, to that in which the boom was hanging. The jury was entirely justified in finding that no warning was given to him, and that he was guilty of no contributory negligence.

Some exceptions were taken by the defendant to rulings upon questions of evidence, some of which have been obviated by the view which we have expressed on the question of the defendant's negligence, and none seem to have been well taken. It was competent to show by the evidence of experts what was a safe and proper mode of erecting and supporting the mast; and the question whether a witness is qualified to testify as an expert is usually a question of fact for the trial court, and not reviewable on appeal. *Slocovich* v. *Insurance Co.*, 108 N. Y. 56, 14 N. E. Rep. 802, and the cases cited. The evidence

of Dr. Clark, as to the probable permanence of the injuries sustained by the plaintiff, was strictly within the approval of *Griswold* v. *Railroad Co.*, 21 N.: E. Rep. 726. If the question objected to was liable to the criticism that it called for a fact, and not for the opinion of the witness, the fault was cured by the answer made, which was strictly competent.

There were no other exceptions which require examination. The verdict cannot be set aside on the ground that the damages were excessive. The in-- jury was a very serious one. The plaintiff's face was crushed, and in the healing the lower jaw was rendered immovable to such an extent as to prevent the proper mastication and insalivation of his food, and thus to interfere with the nutrition of his system, one result of which was impaired action of his heart and lungs. The evidence tends to show that the man is a cripple- and an invalid for life. The award of $8,000 damages was not an abuse of the discretion of the jury. The judgment and order should be affirmed.

All concur.